UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | NO. 1:17-CR-086 |
| | : | |
| v. | : | (JUDGE JONES) |
| | : | |
| **PHILMINGO JAMISON,** | : | (electronically filed) |
| Defendant. | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Waiver of Indictment/Plea of Guilty. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Information, which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That Information will charge the defendant with a violation of Title 18, United States Code, § 371, conspiracy to possess a firearm as a felon. The maximum penalty for that offense is

imprisonment for a period of five years, a fine of $250,000, a

maximum term of supervised release of three years, to be

determined by the court, which shall be served at the conclusion

of and in addition to any term of imprisonment, the costs of

prosecution, denial of certain federal benefits, and an

assessment in the amount of $100.  At the time the guilty plea

is entered, the defendant shall admit to the court that the

defendant is, in fact, guilty of the offense charged in the

Information.  The defendant agrees that the United States may,

at its sole election, reinstate any dismissed charges or seek

additional charges in the event that any guilty plea entered or

sentence imposed pursuant to this Agreement is subsequently

vacated, set aside, or invalidated by any court.  The defendant

further agrees to waive any defenses to reinstatement of those

charges, or the filing of additional charges, based upon laches,

the assertion of speedy trial rights, any applicable statute of

limitations, or any other ground.  The calculation of time under

2

the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2. <u>Dismissal of Counts</u>. At the time of sentencing on the Information described above, the United States agrees to move for dismissal of the indictment filed under case number 1:17-CR-086. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges or seek additional charges in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of those charges, or the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

3. <u>Term of Supervised Release</u>. The defendant understands that the court must impose a term of supervised release following

3

any sentence of imprisonment exceeding one year, or when required by statute. The court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4. <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

B. **<u>Fines and Assessments</u>**

5. <u>Fine</u>. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be

4

considered a breach of this Plea Agreement.  Further, the

defendant acknowledges that willful failure to pay the fine may

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et

seq.

6.  Alternative Fine.  The defendant understands that under the

alternative fine section of Title 18, United States Code, § 3571,

the maximum fine quoted above may be increased if the court

finds that any person derived pecuniary gain or suffered

pecuniary loss from the offense and that the maximum fine to

be imposed, if the court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the

gross loss resulting from the offense.

7.  Inmate Financial Responsibility Program.  If the court orders a

fine or restitution as part of the defendant's sentence, and the

sentence includes a term of imprisonment, the defendant agrees

to voluntarily enter the United States Bureau of Prisons-

administered program known as the Inmate Financial

5

Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8.  Special Assessment.  The defendant understands that the court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9.  Collection of Financial Obligations.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

a.   to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

b.   to submit to interviews by the Government regarding the defendant's financial status;

c.   to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court; and

7

    f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C.  Sentencing Guidelines Calculation

10. Determination of Sentencing Guidelines.  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

8

11. <u>Acceptance of Responsibility– Three Levels</u>.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

12. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows: **The base offense level will determined by U.S.S.G. §2K2.1. A four-level increase will apply due to the defendant's possession of the firearm in connection with another felony offense. U.S.S.G. §2K2.1(b)(6).**  Each party reserves the right to make whatever remaining arguments it deems appropriate with

9

regard to application of the United States Sentencing

Commission Guidelines to the defendant's conduct. The parties

agree that a sentence within this range of the Sentencing

Guidelines is a reasonable sentence under the facts and

circumstances of this case. The defendant understands that

none of these recommendations is binding upon either the court

or the United States Probation Office, which may make

different findings as to the application of the Sentencing

Guidelines to the defendant's conduct. The defendant further

understands that the United States will provide the court and

the United States Probation Office all information in its

possession that it deems relevant to the application of the

Sentencing Guidelines to the defendant's conduct.

## D. Sentencing Recommendation

13. Specific Recommendation of Sentence. At the time of

sentencing, the United States will make a specific

recommendation within the applicable guideline range and

10

reserves the right to recommend the maximum sentence within that range.

14. Special Conditions of Probation/Supervised Release.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

   a.  The defendant be prohibited from possessing a firearm or other dangerous weapon.

   b.  The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the court.

   c.  The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

   d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

11

e.  The defendant be directed to provide the Probation Office
    and the United States Attorney access to any requested
    financial information.

f.  The defendant be confined in a community treatment
    center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of
    occupations or with certain individuals, if the Government
    deems such restrictions to be appropriate.

j.  The defendant be directed to attend substance abuse
    counseling, which may include testing to determine whether
    the defendant is using drugs or alcohol.

k.  The defendant be directed to attend psychiatric or
    psychological counseling and treatment in a program
    approved by the Probation Officer.

l.  The defendant be denied certain federal benefits including
    contracts, grants, loans, fellowships and licenses.

m.  The defendant be directed to pay any state or federal taxes
    and file any and all state and federal tax returns as
    required by law.

## E.  Forfeiture of Assets

15. <u>Destruction Order/Waivers.</u>  The defendant further agrees,
    should the United States deem it appropriate, to the destruction
    of the items seized during the course of the investigation.  The
    defendant agrees that the items may be destroyed by the
    investigative agency with or without a court order authorizing
    the destruction of the items seized.  If the United States
    determines that a destruction order should be obtained, the
    defendant and defendant's counsel hereby concur in a motion for
    such an order.  The defendant further agrees to waive all
    interest in the assets in any administrative or judicial forfeiture
    proceeding, whether criminal or civil, state or federal.  The
    defendant consents and waives all rights to compliance by the
    United States with any applicable deadlines under 18 U.S.C. §
    983(a).  Any related administrative claim filed by the defendant

is hereby withdrawn. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

## F. **Victims' Rights and Restitution**

16. <u>Victims' Rights</u>. The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

   a. The right to be reasonably protected from the accused;

   b. The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

   c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and

14

convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.  The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution

15

unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g.  The right to proceedings free from unreasonable delay; and

h.  The right to be treated with fairness and with respect for the victim's dignity and privacy.

17. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct.  The defendant also agrees that the Government will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct.  With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for

16

making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments.  In addition to the schedule of payments that may be established by the court, the Defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of Federal Crime are entitled to full and timely restitution.  As such, these payments do not preclude the government from using other assets or income of the Defendant to satisfy the restitution obligation.  The Defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion.  Although

17

the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by

18

the United States to reduce both the restitution obligation in this case and the amount of the outstanding forfeiture order entered by the court. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations. The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different from the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

## G. Information Provided to Court and Probation Office

18. Background Information for Probation Office. The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's

19

background, character, cooperation, if any, and involvement in this or other offenses.

19. Objections to Pre-Sentence Report. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a

preponderance of the evidence, and the Federal Rules of

Evidence, other than with respect to privileges, shall not apply

under Fed. R. Evid. 1101(d)(3), and the court may consider any

reliable evidence, including hearsay.  Objections by the

defendant to the pre-sentence report or the court's rulings, will

not be grounds for withdrawal of a plea of guilty.

20. <u>Relevant Sentencing Information</u>.  At the sentencing, the

United States will be permitted to bring to the court's attention,

and the court will be permitted to consider, all relevant

information about the defendant's background, character and

conduct, including the conduct that is the subject of the charges

that the United States has agreed to dismiss, and the nature

and extent of the defendant's cooperation, if any.  The United

States will be entitled to bring to the court's attention and the

court will be entitled to consider any failure by the defendant to

fulfill any obligation under this Agreement.

21. <u>Non-Limitation on Government's Response</u>.  Nothing in this

Agreement shall restrict or limit the nature or content of the

21

United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## H. Court Not Bound by Plea Agreement

22. Court Not Bound by Terms. The defendant understands that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties. Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for five years, a fine of $250,000, a maximum term of supervised release of up to three years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

23. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.

If the court imposes a sentence with which the defendant is

dissatisfied, the defendant will not be permitted to withdraw

any guilty plea for that reason alone, nor will the defendant be

permitted to withdraw any pleas should the court decline to

follow any recommendations by any of the parties to this

Agreement.

## I.   Breach of Plea Agreement by Defendant

24. <u>Breach of Agreement</u>.  In the event the United States believes

the defendant has failed to fulfill any obligations under this

Agreement, then the United States shall, in its discretion, have

the option of petitioning the court to be relieved of its

obligations.  Whether the defendant has completely fulfilled all

of the obligations under this Agreement shall be determined by

the court in an appropriate proceeding during which any

disclosures and documents provided by the defendant shall be

admissible, and during which the United States shall be

required to establish any breach by a preponderance of the

evidence.  In order to establish any breach by the defendant, the
United States is entitled to rely on statements and evidence
given by the defendant during the cooperation phase of this
Agreement, if any.

25. <u>Remedies for Breach</u>.  The defendant and the United States
agree that in the event the court concludes that the defendant
has breached the Agreement:

    a.  The defendant will not be permitted to withdraw any guilty
plea tendered under this Agreement and agrees not to
petition for withdrawal of any guilty plea;

    b.  The United States will be free to make any
recommendations to the court regarding sentencing in this
case;

    c.  Any evidence or statements made by the defendant during
the cooperation phase of this Agreement, if any, will be
admissible at any trials or sentencings;

    d.  The United States will be free to bring any other charges it
has against the defendant, including any charges originally

24

brought against the defendant or which may have been
under investigation at the time of the plea. The defendant
waives and hereby agrees not to raise any defense to the
reinstatement of these charges based upon collateral
estoppel, Double Jeopardy, or other similar grounds.

26. <u>Violation of Law While Plea or Sentence Pending</u>. The
defendant understands that it is a condition of this Plea
Agreement that the defendant refrain from any further
violations of state, local, or federal law while awaiting plea and
sentencing under this Agreement. The defendant acknowledges
and agrees that if the government receives information that the
defendant has committed new crimes while awaiting plea or
sentencing in this case, the government may petition the court
and, if the court finds by a preponderance of the evidence that
the defendant has committed any other criminal offense while
awaiting plea or sentencing, the Government shall be free at its
sole election to either: (a) withdraw from this Agreement; or (b)
make any sentencing recommendations to the court that it

25

deems appropriate. The defendant further understands and
agrees that, if the court finds that the defendant has committed
any other offense while awaiting plea or sentencing, the
defendant will not be permitted to withdraw any guilty pleas
tendered pursuant to this Plea Agreement, and the government
will be permitted to bring any additional charges that it may
have against the defendant.

## J. Deportation

27. Deportation/Removal from the United States. The defendant
understands that, if defendant is not a United States citizen,
deportation/removal from the United States is a possible
consequence of this plea. The defendant further agrees that
this matter has been discussed with counsel who has explained
the immigration consequences of this plea. Defendant still
desires to enter into this plea after having been so advised.

## K. Appeal Waiver

28. Appeal Waiver – Direct. The defendant is aware that Title 28,
United States Code, § 1291 affords a defendant the right to

26

appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence.  This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005).  The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

## L.   Other Provisions

29. Agreement Not Binding on Other Agencies.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state or local law enforcement agency.

27

30. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

31. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of  justice.

28

32. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

33. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case and this plea agreement in detail with the defendant's attorney

29

who has advised the defendant of the defendant's Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case.  The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

34. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., February 14, 2020, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

35. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant

30

and defense counsel and then signed by the United States

Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

4-1-21
Date

_____
PHILMINGO JAMISON
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4-1-21
Date

_____
MICHAEL PALERMO, ESQ.
Counsel for Defendant

DAVID J. FREED
United States Attorney

4-14-2021
Date

By: _____
MICHAEL A. CONSIGLIO
Assistant United States Attorney

31